1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9

10

11

12

13

14

| | |
|---|---|
| MELISSA BALIN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY OF LOS ANGELES et<br>al.,<br><br>                    Defendants. | ) Case No. CV 14-5697-PSG (JPRx)<br>)<br>)<br>) ORDER TO SHOW CAUSE<br>)<br>)<br>)<br>)<br>)<br>) |

15

16      On June 17, 2014, Plaintiff filed pro per a "Complaint for

17  Injunctive Relief Complex Class Action Jury Trial Demanded" in

18  Los Angeles County Superior Court.  Defendant City of Los Angeles

19  removed it to this Court on July 22, 2014.  (Defendant County of

20  Los Angeles has apparently not yet been properly served.)  The

21  City averred that this case was related to Balin v. City of Los

22  Angeles et al., No. CV 13-9395-PSG (JPR) – which this Court

23  dismissed with prejudice on August 7, 2014 – because "it relates

24  to identical claims and the same defendants."  (Kades Decl. ¶ 2.)

25      In fact, the two complaints are different, most

26  significantly because this one purports to be a class action

27  lawsuit on behalf of "all present and future female inmates

28  confined in the Lynwood Correctional Women's County Jail."

1  (Compl. at 7.)  Plaintiff's proposed "damages class" is "[a]ll

2  pregnant inmates who suffered a miscarriage, unlawful termination

3  of pregnancy, or involuntary sterilization (victims of torture

4  according to International Law) Under the Color of Law by Los

5  Angeles County."  (Id.)  The allegations of the complaint relate

6  mainly to the treatment of pregnant women at the jail and rely on

7  42 U.S.C. § 1983 (id. at 10-11); she raised such allegations

8  concerning her own treatment in Case No. CV 13-9395-PSG (JPR).

9  (See, e.g., FAC at 36, 38-39, 43-44, 46-49, 79, 83.)  Plaintiff

10  seeks only declaratory and injunctive relief (Compl. at 11-13)

11  and asks that the ACLU be appointed to represent her (id. at 10).

12      The law is clear that a pro per nonlawyer may not act on

13  behalf of a purported class of people.  See Simon v. Hartford

14  Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (noting that

15  "courts have routinely adhered to the general rule prohibiting

16  pro se plaintiffs from pursuing claims on behalf of others in a

17  representative capacity" and collecting cases).  This includes a

18  prohibition against pro per nonlawyers bringing putative class

19  actions; such lawsuits or claims must be dismissed.  See, e.g.,

20  Kendall v. United States, 541 F. App'x 781, 781 (9th Cir. 2013)

21  ("The district court properly dismissed Kendall's claims on

22  behalf of a putative class because non-attorney pro se litigants

23  have no authority to represent anyone other than themselves.");

24  Mitchell v. Powers, 411 F. App'x 109, 110 (9th Cir. 2011)

25  (upholding dismissal of putative class action bringing § 1983

26  claims because plaintiff in pro per); White v. Geren, 310 F.

27  App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class-

28  action claims alleging race discrimination against minority

1 | employees because plaintiff was proceeding pro se).

2 |     Plaintiff's request that the ACLU be appointed to represent

3 | her and the class cannot save her complaint because Plaintiff has

4 | provided no evidence to show that the ACLU, a private

5 | organization,[1] is willing to take on the case.  The Court is not

6 | authorized to effect payment to the ACLU to represent Plaintiff,

7 | see Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("The

8 | Supreme Court has declared that the expenditure of public funds

9 | [on behalf of an indigent litigant] is proper only when

10 | authorized by Congress. . . ." (alterations in original, internal

11 | quotation marks omitted)); United States v. 30.64 Acres of Land,

12 | 795 F.2d 796, 801 (9th Cir. 1986) (noting that no provision of 28

13 | U.S.C. § 1915 provides funds to pay for counsel), and cannot

14 | force a private entity to work for free.  Cf. Kendall, 541 F.

15 | App'x at 781-82 (denying plaintiff's request for counsel to

16 | represent class because he "has failed to demonstrate

17 | extraordinary circumstances warranting appointment of counsel").[2]

18 |     The complaint does not appear to raise any claims solely on

19 | behalf of Plaintiff, but even if it did it would likely still

20 | have to be dismissed because the Court already dismissed with

21 | prejudice her claims in Case No. CV 13-9395-PSG (JPR) arising

22 | from the same allegations.

---

[1]See ACLU, ACLU History, available at https://www.aclu.org/aclu-history (last visited Aug. 20, 2014) ("Over the past 90 years, the ACLU has participated in more Supreme Court cases than any other private organization.").

[2]Moreover, it appears that Plaintiff paid the filing fee in state court and thus may not qualify for the appointment of counsel, although she previously proceeded in forma pauperis in this Court.

1    Accordingly, no later than 21 days from the date of this

2  Order, Plaintiff must show cause in writing why this lawsuit

3  should not be dismissed because it appears to raise only putative

4  class claims and she may not prosecute such an action pro se.

5  Moreover, to the extent the complaint raises claims specific to

6  Plaintiff, she must show cause why she should be allowed to

7  pursue them when they appear to be the same as some of those

8  dismissed with prejudice in Case No. CV 13-9395-PSG (JPR).

9  Plaintiff is expressly warned that if she fails to timely and

10 sufficiently respond to this Order to Show Cause, her lawsuit may

11 be dismissed for that reason as well as those outlined above.

12

13

14    DATED: August 25, 2014    _____

15                              PHILIP S. GUTIERREZ
                                U.S. DISTRICT JUDGE

16 Presented by:

17 _____

18 Jean P. Rosenbluth
   U.S. Magistrate Judge

19

20

21

22

23

24

25

26

27

28